**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MMS GROUP LLC,

      Plaintiff,

v.                                      Case No:  6:24-mc-2-RBD-LHP

BUDDY'S FRANCHISING AND
LICENSING, LLC and FRANCHISE
GROUP, INC.,

      Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MMS GROUP LLC'S AMENDED MOTION TO STAY (Doc. No. 21)**
>
> **FILED:**     March 13, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This matter stems from an ongoing arbitration proceeding between Claimant MMS Group LLC ("MMS Group") and Respondents Buddy's Franchising and Licensing, LLC and Franchise Group, Inc., which is pending in Orlando, Florida.

*See* Doc. No. 13-3, at 12–26. In the arbitration proceedings, the arbitration panel issued subpoenas duces tecum without deposition, which MMS Group served, on non-parties W.S. Badcock LLC ("Badcock") and American Freight, LLC ("American Freight"). Doc. Nos. 2-1; 2-2; 13-3, 13-4.

Pending before this Court is Badcock and American Freight's Motion for Protective Order and to Quash Arbitration Subpoenas. Doc No. 1. On March 11, 2024, the undersigned issued a Report and Recommendation recommending to the presiding District Judge that the motion be granted. Doc. No. 18. Any objections to that Report are due on or before March 25, 2024. *See Amended Order Re: Utilization of Magistrate Judges*, No. 3:21-mc-00001-TJC, Doc. No. 127, at 7 (M.D. Fla. Feb. 9, 2024).

On March 13, 2024, MMS Group filed the above-styled motion, in which it seeks to stay the proceedings in this miscellaneous case because it has filed a motion to enforce a settlement in the related arbitration proceedings, and the underlying arbitration proceedings have been stayed as a result. Doc. No. 21. *See also* Doc. Nos. 22, 22-1. MMS Group argues that a stay is warranted because the motion to enforce settlement pending before the arbitration panel is dispositive of the arbitration; the motion to enforce settlement, if granted, would dispose of the arbitration proceedings and consequently this miscellaneous case as well; staying this matter would advance judicial economy and spare the parties needless

litigation costs; and no party would suffer prejudice if a stay were imposed. Doc. No. 21.

Badcock and American Freight oppose the motion to stay. Doc. No. 26. They argue that any hardship suffered by MMS Group in denying the stay would be minimal, as all that is left is objections to the March 11, 2024 Report; judicial economy would not be served because the March 11, 2024 Report already issued; they would suffer prejudice by a stay because their obligations in the underlying arbitration would remain in limbo, and as non-parties to the arbitration they are entitled to a definitive ruling on the issue; and the motion to enforce settlement pending in arbitration is unlikely to be successful. *Id.*

Upon consideration, the Court finds Badcock and American Freight's position more persuasive based on the posture of this case. At bottom, this miscellaneous case concerns solely the obligations of non-parties to the arbitration proceeding, and the only matter pending before this Court is a request to quash non-party arbitral subpoenas. *See* Doc. No. 1. The remaining amount of time and effort to resolve this one issue appears to be minimal, and MMS Group cites no authority demonstrating that a stay is warranted in circumstances such as this. Doc. No. 21.[1] Nor does MMS Group provide a persuasive reason that this

---

[1] None of the authority cited by MMS Group addresses the issue of staying

miscellaneous matter must remain pending during the pendency of the underlying arbitration proceedings. The matter before this Court concerns issues with regard to non-parties to arbitration proceedings, and the matter at issue here appears wholly unrelated to the merits of the motion to enforce settlement pending in arbitration. In sum, issuance of a stay is discretionary,[2] and MMS Group has not carried its burden of demonstrating that a stay is warranted here. *See generally United States v. Clemons*, No. 8:18-cv-258-T-36SPF, 2018 WL 11251686, at *2 (M.D. Fla. Dec. 5, 2018) ("A decision to stay is left to the discretion of the district court, and the party seeking the stay has the burden of demonstrating why a stay should

---

consideration regarding third party subpoenas (much less third-party arbitral subpoenas) pending a decision in related proceedings, and the cases MMS Group does reference are readily distinguishable and therefore unpersuasive. *See Berk v. Equifax, Inc.*, No. 1:20-CV-1279-TWT-CCB, 2020 WL 10051499, at *1 (N.D. Ga. Aug. 27, 2020) (addressing whether granting a stay of discovery pending a motion to enforce settlement was a basis for recusal; although the court stayed discovery in that matter pending a motion to enforce settlement, that motion to enforce settlement would have disposed of an entire case (discussing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997))); *Trulife Distrib. Inc. v. Gould*, No. 21-CV-80725-CIV, 2021 WL 9958608, at *5–6 (S.D. Fla. June 30, 2021) (staying case pending decision on motion to enforce settlement filed in parallel state court case where the issues raised in the federal case could potentially be substantively resolved by that motion, and by not staying the federal case, the court risked "either duplicating efforts with the state court or issuing rulings that might conflict with the state court's rulings").

[2] *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

issue." (first citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997), then citing *Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.*, No. 6:11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013))).

Accordingly, upon due consideration, MMS Group LLC's Amended Motion to Stay (Doc. No. 21) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties